**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Garza Aviation Services, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>County of Yuma, et al.,<br><br>Defendants. | No. CV11-1762-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Defendant Yuma County Airport Authority's motion to dismiss (Doc. 8) and Plaintiff Garza Aviation Services' motion to remand (Doc. 10). The motion to remand has been fully briefed. Docs. 10, 14, 15. No party has requested oral argument. For the reasons below, the Court will grant the motion to remand.

**I.     Background.**

Pursuant to a patent from the United States Department of the Interior dated February 14, 1956, Defendant Yuma County obtained a revocable license to the Yuma International Airport. Doc. 1-2, at 2. Yuma County gave Defendant Yuma County Airport Authority (the "Airport Authority") the power to enter into subleases and fee agreements with fixed base operators, providing that the Airport Authority must comply with all federal statutes and regulations concerning the use and operation of public airports. *Id.* at 3. Plaintiff and the Airport Authority entered a Sublease and License Agreement on August 1, 2010 (the "Agreement"), through which the Airport Authority granted Plaintiff as lessee a "non-exclusive right and obligation to occupy, equip, furnish,

operate, and maintain an Aircraft Maintenance Fixed Base Operation on the stated Premises," and expressly covenanted that "the use of the Premises will include all aircraft maintenance activities customarily provided by aircraft maintenance providers throughout the United States." *Id.* at 2-3. On April 12, 2010, the Airport Authority entered into a similar Sublease and License Agreement with Freeman Holdings of Arizona, LLC, dba Million Air, for a non-exclusive fixed base operation and fuel sales concession at the airport. *Id.* at 4-5.

CSI Aviation Services, Inc. ("CSI") has a federal contract with the United States Department of Homeland Security to charter aircraft and transport persons who are subject to final deportation orders to the Yuma International Airport. *Id.* at 4. Until approximately June 23, 2011, CSI's flights received services from Million Air upon arrival at Yuma International Airport. *Id.* at 6. Million Air charged CSI $1,500 per flight and required that CSI uplift at least 1,200 gallons of fuel per night. *Id.*

CSI requested assistance with these services from the Airport Authority. Plaintiff contends that, rather than using its own employees and resources to perform CSI's requested services as it claimed it would, the Airport Authority simply delegated the work back to Million Air. *Id.* at 6-7.

On July 11, 2011, CSI's operational officer sent correspondence to Plaintiff's operations manager requesting maintenance and ground services. *Id.* at 7-8. Plaintiff accepted CSI's request. *Id.* at 8. On July 19, 2011, a CSI manager advised Million Air that CSI would no longer require ground services from Million Air. *Id.* at 9. Million Air's CEO then filed a complaint with the Airport Authority's director, arguing that the ground services fall outside the scope of Plaintiff's contractually permitted activities. *Id.* Plaintiff contends that ground services are not an exclusive right granted to either Million Air or itself pursuant to their Sublease and License Agreements, and that neither contract contains a definition of such services. *Id.*

The Airport Authority directed Plaintiff to cease providing ground services to CSI immediately. It warned that Plaintiff's continuing to provide these services would

constitute a material breach of the Agreement. *Id.* at 10.

Plaintiff responded by filing a complaint for special action in the Yuma County Superior Court. Doc. 1-2 at 2. The complaint alleged that the Airport Authority was attempting to create an exclusive right in favor of Million Air in violation of federal law as stated in the Federal Aviation Authority ("FAA") compliance manual. *Id.* at 11-13. The Airport Authority removed the case to this Court on the basis of federal question jurisdiction. Doc. 1 at 2. Plaintiff seeks remand to superior court on the basis of a forum selection clause contained in the Agreement.

**II.     Plaintiff's Motion to Remand.**

**A.     Legal Standard for Forum Selection Clauses.**

The enforceability and interpretation of a forum selection clause in federal court is an issue of federal law. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). The Supreme Court has held that forum selection clauses in commercial contexts are prima facie valid. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (international forum selection question); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 (9th Cir. 1984) (applying the *Bremen* framework to a domestic forum selection question). Such clauses should not be set aside unless the challenging party can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bremen*, 407 U.S. at 15. The Ninth Circuit has held that the party resisting enforcement of a forum selection clause has a "heavy burden" to establish the unreasonableness of the clause. *Pelleport*, 741 F.2d at 281 (citing *Bremen*, 407 U.S. at 18).

**B.     The Forum Selection Clause is Enforceable.**

Paragraph 26.07 of the Agreement provides that "[v]enue of any action brought under this Agreement shall lie in Yuma County, Arizona, exclusively, and any action shall be maintained in such County." Doc. 1-2 at 81. Plaintiffs rely on this provision in seeking remand to Yuma County Superior Court.

The Airport Authority argues that "the basis for this Court's jurisdiction is a

federal question and thus there is no basis for remand based on a forum selection clause in a contract between the parties," and that "even if the contract were at issue, there is no basis to remand a case based on a forum selection clause when the federal district court has original jurisdiction." Doc. 14, at 2-3. The Airport Authority cites no authority in support of this argument. *Id.*

Plaintiff's complaint alleges that the Airport Authority has acted to establish an "exclusive right" as prohibited by Section 303 of the Civil Aeronautics Act of 1938 and subsequent federal acts and as described by the FAA in its compliance manual. *See* Doc. 1-2, at 4. This kind of a dispute was not unanticipated by the parties. The Agreement expressly grants Plaintiff non-exclusive rights. *See* Doc. 1-2, §§ 4.01, 4.02. The Agreement then provides:

> The Authority shall have the right to enter into any agreements with other parties whatsoever providing such parties with rights, privileges and investments similar to those contained herein.
>
> In recognition of the above, both Parties accept the FAA's position that an exclusive right is defined as a power, privilege, or other right excluding or debarring another from enjoying or exercising a like power, privilege or right.

Doc. 1-2, at 65, Ex. D, § 4.03. Clearly, the parties contemplated that the Agreement would grant non-exclusive rights to Plaintiff, that the Airport Authority could grant "similar" rights to other, and that the parties accepted the FAA's interpretation and prohibition of exclusive rights.

Possible disputes over this issue were therefore foreseeable at the time of contracting. Moreover, the Airport Authority, which is located in Yuma County, clearly understood and anticipated the consequences of specifying that any litigation be brought in that County. As the Supreme Court has held, "[i]n such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual

- 4 -

forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972). Yuma County Airport Authority has made no such showing. Nor has the Airport Authority shown that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* The Court accordingly concludes that the parties' forum selection clause is enforceable.

### C. The Forum Selection Clause is Mandatory.

As noted, the forum selection clause provides that "[v]enue of any action brought under this Agreement shall lie in Yuma County, Arizona, exclusively, and any action shall be maintained in such County." Doc. 1-2 at 81. Emphasizing the word "exclusively," Plaintiff argues that the clause is mandatory and that the Airport Authority waived its right to removal. The Airport Authority argues that the clause is permissive because the phrase "shall lie in Yuma County" neither provides for exclusive venue nor contains mandatory language.

The forum selection clause is mandatory. It states that venue "shall" lie in Yuma County, not that it "may" lie there. The clause is expressly exclusive, meaning that venue shall not lie in any other location. This language satisfies the Ninth Circuit's standard for mandatory forum selection clauses. *See Northern California Dist. Counsel of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one.").

The clause at issue here is similar to the clause in *Air Ion Devices, Inc. v. Air Ion, Inc.*, No. C 02-1717 SI, 2002 WL 1482665 (N.D. Cal. July 5, 2002). The *Air Ion* clause stated that "[a]ny action commenced by AID to enforce its rights against AI shall be brought in the County of Marin, State of California." The court concluded that the language established Marin County as the mandatory venue. 2002 WL 1482665, at *2; *see also Siren, Inc. v. Redd*, No. CV-06-1529-PHX-DGC, 2006 WL 2850333, at *3 (D. Ariz. Oct. 4, 2006).

The Yuma County venue is not merely a geographic limitation. *Cf. Simonoff v.*

- 5 -

*Expedia, Inc.*, 643 F.3d 1202, 1205-06 (9th Cir. 2011) ("[W]e observed in *Doe 1* that a forum selection clause referring to 'courts in' a state imposes a geographic limitation, not one of sovereignty.") (citation omitted)). The Airport Authority cites the Ninth Circuit rule adopted in *Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir. 2009), that "a forum selection clause that specifies 'courts of' a state limits jurisdiction to state courts, but specification of 'courts in' a state includes both state and federal courts." *See* Doc. 14, at 3 (citing *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011)). It argues that the clause at issue "provides venue shall lie 'in Yuma County, Arizona,' where a federal district court also lies, in this case 325 West 19th Street, Yuma, Arizona, 85364." Doc. 14, at 3. The Ninth Circuit has recognized that "when a federal court sits in a particular county, the district court is undoubtedly 'in' that county." *Simonoff*, 643 F.3d at 1206. The United States District Court for the District of Arizona has an office located at the Yuma address. However, as Plaintiff points out, the office houses the U.S. Bankruptcy Court, the U.S. Magistrate, the U.S. Marshals Services, and the Court's Probation and Parole Office. *See* Doc. 15, at 3. The District Court does not "sit" in Yuma County. Therefore, actions brought under the Agreement must be maintained in Yuma County state court.

Courts must strictly construe the removal statute against removal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). A mandatory forum selection clause is enforceable unless the resisting party can establish its unreasonableness by showing that "trial in the chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court." *Pelleport*, 741 F.2d at 281 (citing *Bremen*, 407 U.S. at 18). Yuma County Airport Authority has offered no such evidence.

**III.   Plaintiff's Request for Attorneys' Fees.**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "An award of attorney's fees pursuant to section 1447(c) . . . is within the discretion of the district court, and bad faith need not be demonstrated. Further, because

the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the district court retain[s] jurisdiction after remand to entertain Plaintiff's motion for attorney's fees." *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court declines to award attorneys' fees to Plaintiff. The Court believes that the removal involved a genuine issue of law regarding the interpretation of the forum selection clause in the context of federal question jurisdiction.

**IV.     Yuma County Airport Authority's Motion to Dismiss.**

The Airport Authority claims that the enforcement of federal aviation law and regulations promulgated by the FAA is within the purview of the FAA's enforcement system and that there is no private right of action for enforcement. Doc. 8, at 1. In light of the Court's conclusion that the parties' forum selection clause is mandatory, the Court will not rule on the motion to dismiss. That motion may be pursued in state court.

**IT IS ORDERED:**

1.     Plaintiff's motion to remand (Doc. 10) is **granted**.

2.     The Clerk shall remand this action to Yuma County Superior Court.

Dated this 2nd day of December, 2011.

_____
David G. Campbell
United States District Judge